UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Adrienne Lacheta,

      Plaintiff,

-V-                                Case No. 2:08-cv-1075

                                      Judge Michael H. Watson

Madison County Hospital,

      Defendant.

## OPINION AND ORDER

Plaintiff asserts that defendant discriminated against her in her employment because of her sex and her pregnancy. She brings claims under Title VII of the Civil Rights Act of 1964, and analogous provisions of the Ohio Revised Code. Defendant moves to dismiss for lack of jurisdiction on the ground that plaintiff failed to file this action within ninety days after receiving her right to sue letter. For the reasons that follow the Court grants defendant's motion.

### I. Facts

Plaintiff, Adrienne Lacheta, began working as a pharmacist for defendant, Madison County Hospital, on March 19, 2007. She had worked as a pharmacist for other employers since 1991.

Plaintiff was pregnant when defendant hired her, but she maintains her pregnancy was not apparent. Plaintiff alleges that her supervisor, Beth Fordyce, discovered that plaintiff was pregnant about two days before plaintiff began working for

defendant.

Plaintiff avers that Fordyce treated her poorly. Plaintiff also alleges that Fordyce told her that she could not be trained on or provide chemotherapy treatments because she was pregnant.

Plaintiff filed a discrimination charge against defendant with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") on June 2, 2007. Plaintiff delivered her daughter on June 9, 2007. She maintains that when she returned to work in late July 2007, Fordyce continued to belittle and harass her. Plaintiff further asserts that she continued to be passed over for training and educational opportunities, and was disciplined without justification. She maintains that she resigned from her employment with defendant for these reasons on September 5, 2007.

Pertinent to defendant's motion to dismiss, defendant contends that the EEOC sent a right-to-sue letter to plaintiff on July 11, 2008. Plaintiff avers that she never received a right-to-sue letter dated July 11, 2008. She argues the EEOC sent the right-to-sue letter to her on September 18, 2008. Plaintiff filed the instant lawsuit on November 13, 2008. Defendant moves to dismiss on the basis that plaintiff failed to file this action within ninety days after she received the July 11, 2008 right-to-sue letter.

## II. Standard of review

A plaintiff must file her Title VII civil action in federal court within ninety days after receiving a right-to-sue letter from the EEOC; otherwise, her claims are time-barred. 42 U.S.C. § 2000e-5(f)(1); *Hollimon v. Shelby County Govt.*, 325 Fed. Appx. 406, 409 (6th Cir. 2009). Federal courts strictly enforce the ninety-day limit. *Graham-Humphreys v.*

*Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). "The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Id.* (emphasis in original).

### III. Discussion

Defendant argues that plaintiff's Title VII claim is barred because plaintiff failed to file this action within ninety days after she presumptively received the July 11, 2008 right-to-sue letter. In support of this assertion, defendant attaches to its answer and its motion a copy of a right-to-sue letter, EEOC form 161, Dismissal and Notice of Rights, EEOC charge number 22A-2007-04870. The form is dated July 11, 2008, and is addressed to plaintiff at her residence in Dublin, Ohio. The letter also indicates that a copy would be sent to defendant's attorney. Defendant's counsel confirms that he received the July 11, 2009 right-to-sue letter on or about the date of the letter. Accordingly, the Court presumes plaintiff received the July 11, 2008 right-to-sue letter by July 16, 2008. Plaintiff, however, did not file the instant lawsuit until November 13, 2008, more than ninety days after she is presumed to have received the July 11, 2008 right-to-sue letter.

Plaintiff states in her memorandum contra that she did not receive the July 11, 2008 right to sue letter. Plaintiff does not, however, provide an affidavit or other proof to support this assertion. Instead, she presents a copy of a different right-to-sue letter,

also addressed to her and defendant's counsel, dated September 18, 2008. The charge number on the September 18, 2008 is 22A-2007-0541C.

Defendant submits a January 23, 2009 letter from the EEOC indicating that the September 18, 2008 right-to-sue letter is null and void. The EEOC's records reflect that the September 18, 2008 right-to-sue letter pertained to a charge brought by an Asian male who claimed race and age discrimination. The EEOC erroneously sent the September 18, 2008 right-to-sue letter to plaintiff and defendant's counsel.

Plaintiff's receipt of the erroneous September 18, 2008 right-to-sue letter simply does not dispel the presumption that she also received the July 11, 2008 right-to-sue letter. Moreover, plaintiff has not provided any other proof that she did not receive the July 11, 2008 right-to-sue letter. She has therefore failed to rebut the presumption that she received the July 11, 2008 right to sue letter by July 16, 2008. Plaintiff filed this action on November 13, 2008, more than ninety days after July 16, 2008. As a result, her Title VII claim is time-barred.

Having determined that plaintiff's only federal claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim. 28 U.S.C. § 1367(c)(3)); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court will therefore dismiss plaintiff's state law claim without prejudice.

### IV. Disposition

Based on the above, the Court **GRANTS** defendant's motion to dismiss (Doc. 10).

The Clerk shall enter final judgment in favor of defendant, and against plaintiff, dismissing plaintiff's Title VII claim with prejudice, and dismissing her state law claim

without prejudice.

The Clerk shall remove Doc. 10 from the Court's Civil Justice Reform Act

motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**